IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TANYA DENDY,

Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

Civil No. 08-352-AA
OPINION AND ORDER

---

Rory Linerud
Linerud Law Firm
PO Box 1105
Salem, Oregon 97308
Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Richard M. Rodriguez
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
Attorneys for defendant

AIKEN, Judge:

Claimant, Tanya Dendy, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for additional administrative proceedings.

**PROCEDURAL BACKGROUND**

Plaintiff filed her applications for benefits on September 28, 2005. Tr. 15, 64. These applications were denied initially and upon reconsideration. The plaintiff then requested a hearing before an Administrative Law Judge (ALJ). On October 19, 2007, after a hearing, the ALJ issued a decision finding plaintiff not disabled. Tr. 12-22. Plaintiff timely requested Appeals Council review of the ALJ's decision. On January 18, 2008, the Appeals Council declined plaintiff's request for review. Tr. 6-8. The ALJ's decision became the final order of the agency.

**STATEMENT OF THE FACTS**

Plaintiff was 32 years old at the time of the ALJ hearing. She alleges she became disabled at age 28 in February 2004. Tr. 64. Plaintiff alleges disability based on a combination of impairments: back and bilateral hip pain that causes difficulty when standing, walking and sitting (can sit up to one hour at a time); bilateral shoulder pain which causes difficulty lifting, carrying, and reaching; depression with symptoms of isolating herself because of difficulty being around people; and dizziness or vertigo spells that occur 1-2 times per month and last for 15-20 minutes at a time. Tr. 243-53.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant

has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. The ALJ's Findings

At step one of the five-step sequential evaluation process outlined above, despite earnings in excess of the monthly income presumed to illustrate substantial gainful activity, the ALJ found this activity to be an unsuccessful work attempt. Tr. 17;

20 C.F.R. §§ 404.157(c), 416.974(c). The ALJ also found based on plaintiff's testimony at the hearing, that she was engaged in substantial gainful activity following her return to work in July 2007. Tr. 17, 244-47; 20 C.F.R. §§ 404.1520(a), 416.920(b). These findings are not in dispute.

At step two, the ALJ found that plaintiff suffered from the following severe conditions: a back disorder, scoliosis, and a left should condition. Tr. 18. He also found that plaintiff had non-severe mental symptomatology as she was sustaining full-time work. Tr. 18; 20 C.F.R. §§ 404.1520(c), 416.920(c). This finding is in dispute. The ALJ next determined that plaintiff had the residual functional capacity (RFC): "to lift 20 pounds occasionally and 10 pounds frequently; stand and walk 6 hours each in an 8-hour workday; and sit 6 hours in an 8-hour workday. The claimant is precluded from climbing of (sic) ladders, ropes, and scaffolds. The claimant is limited to occasional reaching above the shoulder level with her left upper extremity." Tr. 18-20. This finding is in dispute.

At step four, the ALJ found that plaintiff could not perform her past relevant work as a cashier/checker, waitress, store laborer, and appointment clerk. Tr. 20-21. This finding is not in dispute. Concluding the sequential evaluation process at step five, based upon vocational expert testimony, the ALJ found that plaintiff remained able to make an adjustment to other work existing in significant numbers in the national economy. Tr. 21-22. That work included: marking clerk, storage facility clerk, and automatic developer of photographs - all unskilled light work positions. Accordingly, the ALJ found plaintiff not

disabled from her alleged onset date of February 15, 2004, through October 19, 2007, the date of the ALJ's decision. Tr. 15-22.

2. Plaintiff's Allegations of Error

The plaintiff alleges that the ALJ improperly rejected plaintiff's testimony regarding depression and failed to develop the record regarding plaintiff's depression.

Once the claimant establishes the existence of an impairment and a causal relationship between the impairment and some level of symptoms, the ALJ must provide clear and convincing reasons, supported by substantial evidence to reject a claimant's subjective claims. Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008). The ALJ may consider many factors in deciding a claimant's credibility including: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008)(internal citations omitted).

Further, an ALJ may not reject claimant's testimony with one 'general' statement. Instead, the ALJ must identify specific evidence that demonstrates that specific testimony is not credible. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)(not sufficient for ALJ to make only general findings; he must state which testimony is not credible and what evidence

suggests that particular testimony is not credible).

Plaintiff here argues that the ALJ "summarily and arbitrarily" dismissed her testimony as well as the statements of her husband regarding plaintiff's depression "without any reason." The plaintiff points to her testimony to the ALJ that depression caused her to isolate herself due to difficulty being around people. Tr. 243-53. She further testified that due to her depression, she was prescribed Paxil, and was unable to be involved in normal family activities such as bike riding or attending her children's school programs. Tr. 250. She also stated in a Disability Report Appeal Form that her depression began in October 2005, that she was "really depressed," and "always sad and crying." Tr. 121. In a Function Report Form plaintiff stated she had difficulty maintaining concentration, spent little time with other people, had diminished memory, a limited ability to complete tasks, and does nothing socially. Tr. 114-15.

Plaintiff's husband, Allen Dendy, completed a Third Party Function Report form. Tr. 102-09. Mr. Dendy indicated that plaintiff did not go out of their home often, her ability to handle money had changed since her disability began, and that plaintiff had difficulty completing tasks and had trouble with her memory. Tr. 102-07.

The ALJ relied on the Disability Determination Services' (DDS) finding that plaintiff "had no history of counseling or psychotropic treatment and there were no corroborating symptomatology reported in the Third Party Function Report or her Function Report. The ALJ further found that the claimant did not

allege an inability to sustain work at the competitive level due to her mental symptomatology. . . ." Tr. 18. Plaintiff asserts that not only are these findings "general," they are incorrect. Plaintiff noted that she had disclosed that she was prescribed and taking the anti-depressant Paxil, and that both plaintiff and her husband described limitations relative to plaintiff's mental impairment as described above. Tr. 102-09, 114-15, 121-27. Plaintiff also counters the ALJ's statement that she "did not allege an inability to sustain work at the competitive level due to her mental symptomatology," when plaintiff specifically explained at the hearing that she was having trouble performing her job as a waitress due to her limited ability to be around people. Specifically, plaintiff stated, "I have a hard time [waitressing] because I'm around a lot of people and I don't like being around a lot of people. I would rather be at home and be in my bed than be around people." Tr. 251.

Plaintiff also points to her testimony regarding missed work days. She testified that she misses on average 3 work days per 2 month period, or approximately 1 ½ days per month. Tr. 243-53. That testimony is notable because the vocational expert testified that a person would have difficulty maintaining a job after several months of missing work on average one day per month. Tr. 256-57.

I find that the ALJ made only general findings regarding the plaintiff's and lay witness' testimony. The ALJ failed to provide specific reasons supported by evidence for rejecting plaintiff's and her husband's testimony regarding plaintiff's depression and its impact on plaintiff. Therefore, this case is

reversed and remanded to the ALJ with instructions to reevaluate this evidence on remand. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

**CONCLUSION**

The Commissioner's decision is not based on substantial evidence. Because the ALJ failed to adequately address competent lay witness testimony favorable to plaintiff and plaintiff's own testimony, this case is reversed and remanded for further proceedings as consistent with this Opinion.

IT IS SO ORDERED.

Dated this 14 day of April 2009.

/s/ Ann Aiken
Ann Aiken
United States District Judge